IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD L. BURKHART, | : | |
|     Plaintiff | : | No. 3:16-cv-01755 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Arbuckle) |
| | : | |
| NANCY A. BERRYHILL, | : | |
| Acting Commissioner of | : | |
| Social Security,[1] | : | |
|     Defendant | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court is the August 29, 2018 Report and Recommendation of Magistrate Judge Arbuckle (Doc. No. 18), recommending that the Court affirm the Social Security Commissioner's final decision denying Plaintiff Donald L. Burkhart ("Plaintiff")'s application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., 1381 et seq. Plaintiff filed objections to Magistrate Judge Arbuckle's Report and Recommendation (Doc. No. 21), and a brief in support thereof (Doc. No. 22), on September 21, 2018. The Acting Commissioner of Social Security has not filed a response to Plaintiff's objections, and the applicable time period for filing a response has passed.

In his Report and Recommendation, Magistrate Judge Arbuckle recommends that the Court affirm the Social Security Commissioner's denial of Plaintiff's application for disability insurance benefits and supplemental security income on the basis that substantial evidence

---

[1] The Court notes that since the institution of this action, Carolyn W. Colvin has been succeeded as Acting Commissioner of the Social Security Administration by Nancy A. Berryhill. Pursuant to Federal Rule of Civil Procedure 25(d), a public officer's successor is automatically substituted as a party in an action brought against the public officer in an official capacity.

supports the Administrative Law Judge ("ALJ")'s determination that Plaintiff was not disabled, as defined by the Social Security Act. (Doc. No. 18.) In arriving at this recommendation, Magistrate Judge Arbuckle rejected Plaintiff's argument that the ALJ's assessment that Plaintiff did not meet Listings 12.02 (organic mental disorders), 12.04 (affective disorders), 12.06 (anxiety related disorders), and 12.08 (personality disorders) at step three of the sequential evaluation process is not supported by substantial evidence. (Id. at 13-24.) Magistrate Judge Arbuckle explained that to meet the paragraph B criteria for each of the four identified listings, a claimant must demonstrate that his disorder results in at least two of an enumerated list of circumstances. (Id. at 14.) Plaintiff challenges the ALJ's assessment of three of those enumerated circumstances: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; and marked difficulties in maintaining concentration, persistence, or pace. (Id.) First, with respect to the ALJ's assessment that Plaintiff experienced only a mild restriction of activities of daily living, Magistrate Judge Arbuckle found that the ALJ's determination is supported by substantial evidence because: (1) the ALJ determined that Plaintiff's allegations regarding his symptoms were not credible, and Plaintiff did not challenge the ALJ's credibility assessment;[2] and (2) the ALJ considered the statements on which Plaintiff

---

[2] Plaintiff asserts that Magistrate Judge Arbuckle incorrectly stated that he did not challenge the ALJ's credibility determination as to him. (Doc. No. 22 at 10-11.) The Court notes that while Plaintiff did object to the ALJ's credibility determination as to Plaintiff in passing (Doc. No. 12 at 36), the pertinent section of Plaintiff's brief focuses exclusively on the credibility determinations as to other witnesses and fails to offer any specific objections to the ALJ's credibility determination as to Plaintiff (id. at 36-38). The Court need not address arguments made without specificity. See, e.g., Iturralde v. Berryhill, No. 3:16-cv-1597, 2018 WL 1465273, at *7 (M.D. Pa. Mar. 1, 2018) (citing Loewen v. Berryhill, No. 16-35174, 2017 WL 6525196, at *1 (9th Cir. Dec. 21, 2017); Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003)) (declining to address the plaintiff's argument that the ALJ's assessment was insufficient where the plaintiff provided no explanation as to why the assessment was insufficient), adopted by 2018 WL 1453181 (M.D. Pa. Mar. 23, 2018). Notwithstanding the authority noted supra, the Court concludes that the ALJ's assessment of Plaintiff's credibility is supported by substantial

2

relies regarding allegations that Plaintiff only naps and watches television during the day, but other evidence in the record contradicts those statements. (Id. at 14-17.) Next, with respect to the ALJ's assessments that Plaintiff experienced only moderate difficulties in social functioning and maintaining concentration, persistence, or pace, Magistrate Judge Arbuckle found that the ALJ's assessments are supported by substantial evidence and that the evidence relied on by Plaintiff in support of his argument was either properly discounted over Plaintiff's objections or involved a credibility finding not challenged by Plaintiff in his brief. (Id. at 17-24.)

Next, Magistrate Judge Arbuckle found that the ALJ did not err in evaluating the opinion evidence of record. (Id. at 24-68.) In reaching that conclusion, Magistrate Judge Arbuckle separately addressed the ALJ's evaluations of the medical opinions of Dr. Harvey Shapiro, Dr. Robert Shapiro, and Dr. Douglass Martzluf; the mental impairment questionnaire completed by Certified Registered Nurse Practitioner Laura Hanes and endorsed by Dr. Satyafit Mukherjee; the assessments completed by Dr. Soraya Amanullah; the testimony of Karen Burkhart; and the third-party statement of Kristin Sites. (Id. at 27-68.) Magistrate Judge Arbuckle found that the ALJ's assessments of each piece of opinion evidence are supported by substantial evidence.[3] (Id. at 27-33; 37-62.) He also found that the ALJ did not err when he evaluated conflicting medical opinions by interpreting the objective medical evidence and concluding that one opinion was more consistent with the entire record than the other. (Id. at 31-33.)

---

evidence, including contradictions between Plaintiff's testimony and the objective medical evidence, as well as inconsistencies within Plaintiff's testimony (Doc. No. 9-8 at 21-25).

[3] Magistrate Judge Arbuckle found that even if the ALJ erred in not discussing Dr. Harvey Shapiro's December 2013 treatment note, doing so resulted in no obvious prejudice to Plaintiff, and, therefore, remand is not necessary. (Doc. No. 18 at 36.) Additionally, Magistrate Judge Arbuckle assumed that Plaintiff has established good cause so as to explain why Kristin Sites' November 2015 letter was not part of the original administrative record, but concluded that remand is not required because the letter is neither new nor material. (Id. at 62-68.)

Plaintiff has filed several objections to Magistrate Judge Arbuckle's Report and Recommendation. (Doc. Nos. 21, 22.) First, Plaintiff objects to Magistrate Judge Arbuckle's finding that substantial evidence supports the ALJ's decision when the ALJ discounted multiple pieces of evidence that supported Plaintiff's claim. (Doc. No. 22 at 2-5.) Second, Plaintiff objects to Magistrate Judge Arbuckle's finding that the ALJ properly relied on Dr. Soraya Amanullah's medical opinions despite their temporal remoteness and lack of consideration of all medically-determinable impairments. (Id. at 5-6.) Third, Plaintiff objects to Magistrate Judge Arbuckle's finding that the ALJ did not inappropriately rely on his own lay interpretation of medical evidence in assessing competing medical opinions. (Id. at 6-10.)

Upon de novo review of those aspects of the Report and Recommendation to which Plaintiff has specifically objected,[4] together with the administrative record, and having carefully reviewed the submissions from the parties, the Court finds that Magistrate Judge Arbuckle thoroughly and meticulously reviewed the evidence and addressed the substance of Plaintiff's objections in his Report and Recommendation. The Court also concludes that Magistrate Judge Arbuckle correctly resolved the issues raised in Plaintiff's objections. Thus, the Court will not write separately to address Plaintiff's objections. Accordingly, the Court will adopt the Report and Recommendation of Magistrate Judge Arbuckle over Plaintiff's objections.

**AND SO**, on this 11th day of December 2018, upon independent review of the record and applicable law, **IT IS ORDERED THAT**:

1. The Clerk of Court is directed to substitute Nancy A. Berryhill for Carolyn W. Colvin as a defendant in the above-captioned matter;

---

[4] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide that any party may file written objections to a magistrate judge's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which an objection is made. See 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

2. The Court **ADOPTS** the Report and Recommendation (Doc. No. 18), of Magistrate Judge Arbuckle;

3. Plaintiff's request for remand or the award of benefits is **DENIED**;

4. The Commissioner's decision denying Plaintiff's applications for benefits under Titles II and XVI of the Social Security Act is **AFFIRMED**;

5. The Clerk of Court is directed to enter judgment in favor of the Acting Commissioner and against Plaintiff; and

6. The Clerk of Court is directed to **CLOSE** the above-captioned case.

<u>s/ Yvette Kane</u>
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania